UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMES ARCHIE PRATHER, JR.**                                                                           **PLAINTIFF**

v.                                                **CIVIL ACTION NO. 3:16-CV-P60-JHM**

**CORRECTIONS CARE SOLUTIONS** *et al.*                               **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

**I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at the Louisville Metro Department of Corrections (LMDC). In his complaint, Plaintiff alleges that he had been taking a medication called "nerontin" three times a day, for 10 years, for degenerative disc disease and lower back stenosis. Plaintiff states that the new doctor at LMDC, which the Court presumes is Defendant Dr. Rozefort, discontinued this medication without examining him or reviewing his x-rays or medical records. Plaintiff alleges that he has been in severe pain since this medication was discontinued. Plaintiff states that Dr. Rozefort does prescribe him a pain reliever called "mobix" but that he only receives this once a day and it is "like putting a band-aid on a gun-shot wound." He then continues: "I have put in 3 times to see the Dr. He said he wanted a follow-up in 2 weeks and that was 6 weeks ago."

Plaintiff then states as follows:

> This is the worst medical provider I have ever seen. They never have any supplies and nurses and Dr.'s quit back to back. Could you please help me get some kind of relief and they need to be punished for my pain and suffering so it doesn't happen to someone else. When I first got here, I filed 15 HSR's before I ever got to see the Dr. plus my seizure meds are constantly running out. I have had a rash for five months. The Dr. prescribed a cream for it 4 different times. I was supposed to get it twice a day 7 days a week for 30 days. Within those 30 days, I may have gotten it a total of 8 times period. Something really needs to be done before they end up killing someone around here. This place is loaded with scabies, bed bugs, lice, and MERSA. Please help me. Thank you.

Plaintiff brings suit against the following three Defendants: 1) Mark Bolton, the Director of LMDC, in his official capacity; 2) "Corrections Care Solutions"; and 3) Dr. Rozefort, in his individual and official capacity. As relief, Plaintiff seeks monetary and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. The Individual-Capacity Claims Against Dr. Rozefort

For a convicted prisoner, claims related to medical treatment arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). In the case of a pretrial detainee such as Plaintiff, "the 'cruel and unusual punishment' proscription of the Eighth Amendment to the Constitution does not apply," because "as a pre-trial detainee [the plaintiff is] not being 'punished.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000). Instead, a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fourteenth Amendment if held in state custody. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009); *Liscio v. Warren*, 901 F.2d 274, 275-76 (2d Cir.1990). However, the Court will analyze Plaintiff's claims regarding his medical care under Eighth Amendment principles because the rights of pretrial detainees are equivalent to those of convicted prisoners. *Thompson v. Cty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994) (citing *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).

The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII. An Eighth Amendment claim requires a plaintiff to prove two distinct components - one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

4

To satisfy the objective component of an Eighth Amendment deliberate indifference claim, Plaintiff must show the existence of a sufficiently serious medical need, meaning that he is "incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citing *Farmer*, 511 U.S. at 834). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)).

The subjective component is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

The Court will consider each of Plaintiff's claims with regard to his medical treatment in turn.

### 1. Inadequate Treatment of Degenerative Disc Disease and Lower Back Stenosis

Plaintiff's primary complaint seems to be that Dr. Rozefort discontinued Plaintiff's prescription of "nerontin," which he had been receiving three times a day for 10 years for his diagnoses of degenerative disc disease and lower back stenosis. Plaintiff alleges that Dr. Rozefort discontinued this medication without examining him or reviewing his x-rays or medical records. He also alleges that this medication also helped him with his seizures and states that he

5

has been in severe pain since this medication was discontinued even though Dr. Rozefort prescribed him another medication - "mobix" - for him to take once daily for pain. Finally, Plaintiff also alleges that he has "put in three times to see the Dr. . . . he said he wanted a follow-up in 2 weeks and that was six weeks ago."

Upon review, the Court will allow this claim against Dr. Rozefort to proceed at this time. In allowing the claim to proceed, the Court makes no judgment as to its ultimate outcome.

### 2. Lack of Regular Dispensation of Seizure Medication

In his complaint, Plaintiff also alleges that his seizure medication is "constantly running out." With regard to this allegation, however, Plaintiff has not alleged that he has suffered an injury or harm as a result of his failure to regularly receive his medication. The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act (PLRA), lawsuits brought by institutionalized persons require a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In interpreting this statute in the context of prisoner complaints, courts have required that the injury be more than *de minimis*. *See, e.g.*, *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (sore bruised ear, lasting for three days, was *de minimis* and not the requisite "physical injury").

6

Thus, because Plaintiff alleges no harm resulted from his failure to regularly receive the medications he had been prescribed for his seizures, the Court holds that he has failed to state a claim upon which relief may be granted. *See also Bishop v. Orr*, 180 F. App'x 505 (5th Cir. 2006) (defendants not deliberately indifferent where, on two occasions lasting several days, plaintiff did not receive his prescribed medication and suffered injury when he fell after having two seizures because defendants "noted the lapses in medication and more than once re-ordered the prescription but the drug was not delivered in a timely manner"); *but see Nunn v. Bracey*, No. 89-6308, 1991 U.S. App. LEXIS 2501 (6th Cir. Feb. 11, 1991) (holding plaintiff had stated a claim where defendants denied his repeated requests for epilepsy medication and plaintiff suffered a seizure in which he injured his head, knocked out two front teeth, and cut his tongue); *Neal v. Foster*, No. 3:12-cv-938, 2012 U.S Dist. LEXIS 135311 (M.D. Tenn. Sept. 21, 2012) (holding that plaintiff had stated claim for deliberate indifference to a serious medical need where Plaintiff alleged that his medications and treatment for epilepsy were suddenly stopped and that he suffered 13 seizures as a result of the jail and medical staff's refusal and failure to provide proper medication); Therefore, Plaintiff's claim related to lapses in his seizure medication will be dismissed for failure to state a claim.

### 3. Insufficient Treatment of Rash

Plaintiff also alleges that he has been prescribed medication for a rash which he was supposed to receive twice a day for 30 days but which he has only received on eight occasions. Plaintiff further alleges that he has been prescribed treatment for the rash on four different occasions. Generally, rashes do not rise to the level of an objectively serious medical need. *See, e.g.*, *Ray v. Cherrian,* No. 10 C 4066, 2010 U.S. Dist. LEXIS 66064 (N.D. Ill. July 2, 2010) (a fungal foot rash does not rise to the level of an objectively serious medical need because it is

"not so serious that it is life threatening or poses a risk of needless pain or lingering disability"); *Sanders v. Allen Cty. Jail*, No. 106-CV-302, 2006 U.S. Dist. LEXIS 64232 (N.D. Ind. Sept. 6, 2006) (fungal infections are not sufficiently serious); *Ware v. Fairman*, 884 F.Supp. 1201, 1206 (N.D. Ill. 2005) (plaintiff's medical condition was a skin problem which posed no serious threat to the plaintiff's medical and physical health). In addition, even if the Court were to assume that Plaintiff's rash constituted a serious medical need, Plaintiff cannot establish deliberate indifference on the part of Dr. Rozenfort because Plaintiff alleges that he was prescribed treatment for his rash on four different occasions. *See Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.")

Therefore, Plaintiff's claim regarding treatment for a rash will be dismissed for failure to state a claim.

### 4. Failure to See Doctor

Plaintiff also alleges that when he first arrived at LMDC, he "filed 15 HSR's" before he ever got to see a doctor. However, because Plaintiff has not stated what alleged serious medical need required treatment with regard to these requests for an appointment or that he suffered injury as a result of his failure to be seen, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

### 5. Exposure to Diseases

Plaintiff also makes allegations regarding inmate exposure to scabies, bed bugs, lice, and MRSA. However, Plaintiff does not allege that he contracted one of these specific diseases or that Dr. Rozefort, or any other medical staff, was deliberately indifferent to that medical need.

*See, e.g.*, *Pine v. Seally*, No. 9:09-CV-1198 (DNH/ATB), 2011 U.S. Dist. LEXIS 23482, at *23 (N.D.N.Y. Feb. 4, 2011) (holding that general allegations of exposure to various parasites and diseases does not state a claim where plaintiffs allege no specific injury or deliberate indifference to that injury). Therefore, this claim will be dismissed for failure to state a claim.

### B. The Claims against Correct Care Solutions (CCS) and the Official-Capacity Claims against Defendants Director Bolton and Dr. Rozefort

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent,'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Director Bolton is actually against the Louisville Metro Government, his employer, and Plaintiff's official-capacity claim against Dr. Rozefort is actually against CCS, his employer. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Griffin v. S. Health Partners, Inc.*, No. 1:12CV-P174-M, 2013 U.S. Dist. LEXIS 17770, at *13-14 (W.D. Ky. Feb. 11, 2013). For purposes of initial review, the Court will presume that CCS is a state actor. *See, e.g.*, *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988) ("It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'").

When a § 1983 claim is made against a municipality or a private corporation like CCS, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The entity is only liable when

9

an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Put another way, neither municipalities nor private corporations like CCS can be held liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

While the Court could construe Plaintiff's claims regarding the regular lack of prescription medication, the regular failure to see a doctor in timely manner, and the existence of scabies, bed bugs, lice, and MERSA at LMDC as alleging jail customs, as set forth above, none of these alleged situations caused Plaintiff a constitutional injury. On the other hand, while the Court found Plaintiff's allegations regarding the treatment of his degenerative disc disease and lower back spinal stenosis may state a constitutional claim, his allegations related to such do not suggest that any injury was caused by an institutional custom or policy.

For these reasons, Plaintiff's claim against Defendant Correct Care Solutions and his official-capacity claims against Defendants Bolton and Dr. Rozefort will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim against Defendant Correct Care Solutions and his official-capacity claims against Defendants Bolton and Dr. Rozefort **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff's 42 U.S.C. § 1983 individual-capacity claims against Dr. Rozefort for lack of regular dispensation of seizure medication, insufficient treatment of rash, failure to see a doctor, and exposure to diseases are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 individual-capacity claim against Dr. Rozefort for inadequate treatment of his degenerative disc disease and lower back stenosis **shall continue** beyond initial review.

The Clerk of Court is **DIRECTED** to **terminate** Defendants Correct Care Solutions and Mark Bolton as parties to this action.

The Court will issue a Scheduling Order to govern the development of the continuing claim.

Date: May 18, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
4414.011