UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMES ARCHIE PRATHER, JR.** **PLAINTIFF**

v. **CIVIL ACTION NO. 3:16-CV-P60-JHM**

**CORRECTIONS CARE SOLUTIONS** *et al*. **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by the only remaining Defendant in this action, Dr. Robert Rozefort (DN 11). Fully briefed, this matter is ripe for decision. For the following reasons, Dr. Rozefort's motion will be denied.

### I. PROCEDURAL HISTORY

Plaintiff filed this *pro se* 42 U.S.C § 1983 civil rights action alleging that the medical care he received while incarcerated at the Louisville Metro Department of Corrections (LMDC) violated his Eighth Amendment rights. The Court screened his complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (DN 7). Upon its review of the complaint, the Court dismissed Plaintiff's claims against the other two Defendants – Corrections Care Solutions, the private entity that provided medical care at LMDC, and Mark Bolton, the director of LMDC – for failure to state a claim upon which relief may be granted. The Court also dismissed Plaintiff's claims against Dr. Rozefort, for the irregular disbursement of Plaintiff's seizure medication and insufficient treatment of Plaintiff's rash, for failure to state a claim upon which relief may be granted.

The only claim that survived the Court's initial screening of Plaintiff's complaint was his individual-capacity claim against Dr. Rozefort for the inadequate treatment of Plaintiff's degenerative disc disease and lower back stenosis. With regard to this claim, Plaintiff alleged that the doctor at LMDC discontinued his prescription of "nerontin," which Plaintiff had been receiving three times a day for 10 years for degenerative disc disease and lower back stenosis. Plaintiff also alleged that the doctor discontinued this medication without examining him or reviewing his x-rays or medical records. He further alleged that this medication helped him with his seizures, and that he has been in severe pain since the medication was discontinued. Finally, Plaintiff alleged that he had "put in three times to see the Dr. . . . he said he wanted a follow-up in 2 weeks and that was six weeks ago."

On June 16, 2016, Dr. Rozefort filed the motion to dismiss that is now before the Court. Because Plaintiff failed to timely respond to this motion, the Court entered an Order advising Plaintiff that he may file a response (DN 12). Plaintiff then filed a document titled "motion of continuance" (DN 13). The Court construed this document as a response to Dr. Rozefort's motion and advised Dr. Rozefort that he may file a reply (DN 14). Dr. Rozefort filed his reply on November 10, 2016 (DN 15).

## II. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). In addition, "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. ANALYSIS

#### A. Failure to State a Claim

In Dr. Rozefort's motion to dismiss, he first argues that Plaintiff's claim against him should be dismissed because it is unclear from Plaintiff's complaint "exactly which allegation Plaintiff is lodging against Dr. Rozefort." Dr. Rozefort points out that although he is identified as a Defendant in the caption of Plaintiff's complaint, he is not specifically mentioned in the body of Plaintiff's complaint and that, therefore, it is not clear that Dr. Rozefort is the doctor who allegedly took Plaintiff off his medication for degenerative disc disease and lower back stenosis. In Plaintiff's response to the motion to dismiss, he states: "Dr. Rozefort took me off my meds without a reason or an examination. I was on nerontin for 10 years for seizures and neuropathy. Dr. Rozefort took me off for no reason he just discontinued them. Now I suffer from restless leg syndrome and ache all the time." In his reply, Dr. Rozefort argues that Plaintiff's response "fails to address any of the problems inherent in Plaintiff's complaint." However, Plaintiff's response directly addresses Dr. Rozefort's concern that he may not have been the doctor whom Plaintiff complains took him off his medication by specifically clarifying

3

that it was Dr. Rozefort. The Court also notes that Dr. Rozefort is the only doctor Plaintiff named as a Defendant in his complaint. Thus, in light of Plaintiff's specific allegations in both his complaint and his response, the Court finds Dr. Rozefort's argument that Plaintiff has not put Dr. Rozefort on notice "of any alleged misconduct" less than compelling. Finally, to the extent that Dr. Rozefort argues that Plaintiff's complaint is too broad and non-specific because it does not specify a time frame, location, or damages, the Court disagrees. Plaintiff's allegations indicate that he received the medical treatment of which he complains during the time that he was incarcerated at LMDC. Plaintiff also specifically alleges that since Dr. Rozefort took him off his medication, he has suffered from "severe pain" and restless leg syndrome. In short, the Court finds that the allegations contained in Plaintiff's complaint and response are sufficient to meet the standard set forth in *Iqbal* and *Twombly* and more than sufficient to meet "the less stringent standard" under which *pro se* complaints must be reviewed. *Erickson v. Pardus*, 551 U.S. at 93.

### B. Failure to Exhaust Administrative Remedies

Dr. Rozefort also argues that Plaintiff's complaint should be dismissed because Plaintiff failed to show that he has exhausted his administrative remedies. The Prison Litigation Reform Act (PLRA) bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. at 211 798 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. "Proper exhaustion demands compliance with an agency's deadlines and other critical

4

procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Importantly, however, "failure to exhaust administrative remedies under the PLRA is *an affirmative defense that must be established by the defendants*." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. at 204) (emphasis added).

Here, Dr. Rozefort has not met his burden. He has not attached any affidavit to his motion showing that Plaintiff failed to file a grievance related to the matters at hand or produced a copy of the relevant grievance procedure. In addition, Plaintiff was not required to demonstrate exhaustion in his complaint, and he advises in his response to the motion to dismiss that he has "all the proper paper work as far as grievances I have filed." For these reasons, the Court concludes that Dr. Rozefort has not established that Plaintiff failed to exhaust his available administrative remedies. *See, e.g.*, *Ward v. ARAMARK Corr. Food Serv.*, No. 3:09CV-P802-S, 2011 U.S. Dist. LEXIS 43934 (W.D. Ky. Apr. 21, 2011).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Dr. Rozefort's motion to dismiss (DN 11) is **DENIED**.

Date: December 7, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record
4414.011